UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JOE ERNEST PHILLIPS                                                                          PETITIONER
Reg #35519-044

V.                                    NO. 2:22-CV-00117-JM-JTR

JOHN P. YATES, Warden
Forrest City Correctional Institution                                                        RESPONDENT

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Petitioner Joe Ernest Phillips ("Phillips") pled guilty to deprivation of rights under color of law and to destruction, falsification, or alteration of records. He was sentenced to concurrent terms of 235 months' imprisonment in the Bureau of Prisons ("BOP") followed by concurrent three-year terms of supervised release. *USA v. Joe Ernest Phillips*, No. 4:08-CR-556-ERW, *No. 52* (E.D. Mo. June 5, 2009). On June 28, 2022, Phillips filed here the *pro se* § 2241 Petition for Writ of Habeas Corpus, challenging the calculation of his earned time credits under the First Step Act of 2018 ("FSA"). *Doc. 1.* In the supporting Memorandum, Phillips argues that, if FSA time credits for his general maintenance work are applied, he would be entitled to a transfer to prerelease

custody on August 13, 2022. *Doc. 3.* In a supplemental filing, Phillips says that he is entitled to more time credits than he claimed in his Petition. *Doc. 12.* He argues that, if these additional credits are applied to his sentence, he "should have been released years ago" and "remains over-detained in prison . . .." *Doc. 12 at 3.* Phillips's motions to compel this Court to grant relief and for summary disposition are also pending. *Doc. 16 & 17.*

When Phillips filed his Petition, he was incarcerated at the Federal Correctional Institution Forrest City ("FCI-FC"). *Doc. 1.* In Phillips's most recent filing—a mandamus petition filed with the Circuit on August 10, 2023, he continues to list his address as the FCI-FC. *Doc. 18.* The BOP's online Inmate Locator, however, shows Phillips has been transferred to prerelease custody supervised by the Residential Reentry Management field office in St. Louis, Missouri ("RRM-SL"). Federal Bureau of Prisons, *Find an inmate.: BOP Register Number 35519-044*, https://www.bop.gov/inmateloc/ (accessed Aug. __, 2023). *Ibid.* According to the BOP website, Phillips's projected release date is June 25, 2024. *Id.*

## II. Discussion

John P. Yates, Warden of the FCI-FC, responds that Phillips has not exhausted his administrative remedies, and he alternatively challenges Phillips's assessment of his time credits. *Doc. 8.* Because the Response was filed before Phillips was transferred to RRM-SL in Missouri, Yates does not address the transfer's effect on jurisdiction.

Whether this Court retained jurisdiction after Phillips's transfer to RRM-SL is a tangle.[1] In any event, judicial review is not available because Phillips has failed to exhaust his

---

[1] *Compare Copley v. Keohane,* 150 F.3d 827, 830 (8th Cir. 1998) ("It is true that, if a district court has proper jurisdiction when a habeas petition is filed, . . ., a subsequent transfer of the prisoner will not defeat habeas jurisdiction, but only so long as an appropriate respondent with custody remains in the district.") (quotations omitted) *with Anariba v. Director Hudson County Correctional Center,* 17 F.4th 434, 445–46 (3rd Cir. 2021) ("Our precedent likewise reflects an adherence to the general rule . . . that the government's post-filing transfer of a § 2241 petitioner out of the court's territorial jurisdiction does not strip the court of jurisdiction over the petition").

administrative remedies.[2]  For the reasons that follow, the Court recommends that Phillips's Petition be dismissed without prejudice.

"A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (citations omitted).  Federal regulations provide for administrative review of the computation of prisoners' jail-time credits, and prisoners may "seek judicial review of these computations after exhausting their administrative remedies." *United States v. Wilson,* 503 U.S. 329, 335 (1992) (citing 28 C.F.R. §§ 542.10–542.16).  "[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)". *Woodford v. Ngo,* 548 U.S. 81, 90 (2006) (emphasis in original) (quotations omitted).  "Proper exhaustion [also] demands compliance with an agency's deadlines and other critical procedures because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 91–92.

The BOP's Administrative Remedy Program exists "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Pursuant to the regulations, administrative review has four tiers:  (1) informal presentation of the issue to prison staff; (2) written Request For Administrative Remedy (BP-9 form) submitted to the Warden; (3) Regional Administrative Remedy Appeal (BP-10 form) submitted to the appropriate BOP Regional Director; and (4) Appeal submitted to the General Counsel (BP-11 form). 28 C.F.R. §§ 542.13–542.15.

Phillips attaches to the Memorandum his submitted forms and reports of the administrative responses at each stage of administrative review.  *Doc. 3 at 9–26.*  On September 14, 2021,

---

[2] With Phillips's transfer to prerelease custody, he has received part of the relief that he seeks.  Because Phillips has not exhausted his administrative remedies, the Court need not address mootness.

Phillips's informal resolution attempt was documented and reviewed by a correctional counselor. Phillips argued that he was entitled to FSA earned time credits for general maintenance work. *Doc. 3 at 11.* When the issue was not resolved, Phillips properly submitted a Request For Administrative Remedy (BP-9 form) to the Warden. In response, Yates, as Warden, denied Phillips's request on December 9, 2021, because FSA programming had not yet been implemented.[3] *Doc. 3 at 18.*

On December 21, 2021, Phillips mailed a Regional Administrative Remedy Appeal (BP-10 form) to the BOP Regional Director. *Doc. 3 at 20–21.* The SENTRY[4] Administrative Remedy Generalized Retrieval Report states that the Director's Office received the BP-10 form on December 27, 2021. *Doc. 3 at 22.* Upon receipt of the form, the Director had thirty days to issue the response. 28 C.F.R. § 542.18. The Director's response therefore was originally due on January 26, 2022. The Report's SENTRY codes (RESP DUE: FRI 02-25-2022; EXT: P DATE ENTD: 01-05-2022) indicate the Director received a thirty-day extension "at the regional level" with a response due date of February 25, 2022. 28 C.F.R. § 542.18. According to the Report, the Director issued a response on February 18, 2022. For reasons that are unclear without a SENTRY code key, the Director closed, instead of rejected, Phillips's request. *Doc. 3 at 22.*

On March 17, 2022, Phillips mailed a Central Office Administrative Remedy Appeal (BP-10 form) to the BOP General Counsel. *Doc. 3 at 24–25.* He stated that he had not received the response from the Regional Director, and that the non-response should be considered a denial.[5]

---

[3] The BOP implemented the FSA programming on January 15, 2020. *Mero v. Yates,* 2022 WL 17653228, *2 (E.D. Ark. 2022).

[4] Administrative remedy submissions to BOP institutions, Regional Offices, and Office of the General Counsel are recorded in the electronic SENTRY Inmate Management System ("SENTRY"). SENTRY also generates administrative reports responding to prisoners' remedy requests and appeals.

[5]         . . . Staff shall respond in writing to all filed Requests or Appeals. If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.

4

Phillips continued to argue that he was entitled to time credits for his general maintenance work. *Doc. 3 at 24.* On April 14, 2022, the General Counsel rejected Phillips's appeal because it was "missing response dated 2-18-22." *Doc. 3 at 26.*

Yates argues that, because Phillips did not properly appeal the Regional Director's response, he has failed to exhaust his administrative remedies. He notes that, while Phillips claims the Regional Director did not issue a response, the General Counsel rejected Phillips's appeal because he failed to include the Director's response. Yates says that Phillips was entitled to an opportunity to submit a corrected appeal to the General Counsel, but that there is no indication that he attempted to do so. *Doc. 8 at 3.*

Prisoners appealing to the General Counsel must attach to the BP-11 form a copy of "the institutional and regional filings and their responses." 28 C.F.R. § 542.15(b)(1). When an appeal is rejected due to an omission that is correctable, the prisoner is permitted to correct the defect and resubmit the appeal. See 28 C.F.R. § 542.17(b). In reply to Yates's non-exhaustion argument, Phillips says that neither the Regional Director nor the General Counsel issued a response, and that he could not "remedy [their] failure to respond." *Doc. 10 at 2–3.* Phillips's argument is not that the Regional Director issued a response, but that he did not receive it. Nor does he argue that he did not have an opportunity to correct his appeal to the General Counsel.

Because Phillips attaches as Memorandum exhibits the reports of responses from the Regional Director and General Counsel, the basis for his argument is unclear. In any event, the Court finds that the Regional Director and General Counsel timely issued responses to Phillips's appeals. The Court further finds that Phillips's appeal to the General Counsel was defective because he did not attach to the BP-11 form the Director's response. *Doc. 3 at 22.* Due to Phillips's

---

28 C.F.R. § 542.18.

5

failure to comply with administrative procedures, there is no final administrative decision on the merits for this Court to review. The administrative record is further lacking because it does not include any decision on the merits. For these reasons, the Court concludes that Phillips has failed to exhaust his administrative remedies, and that his Petition should be denied and dismissed without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT: (1) Phillips's Petition for Writ of Habeas Corpus, *Doc. 1,* be DENIED; (2) this case be DISMISSED without prejudice; and (3) Phillips's Motions to Compel and for Summary Disposition be DISMISSED as moot.

The Clerk is directed to Clerk send a copy of this Report and Recommendation to Phillips in care of the RRM St. Louis field office in an effort to reach him:

Joe Ernest Phillips
Reg #35519-044
c/o RRM St. Louis
1222 Spruce Street, Suite 6.101
St. Louis, MO  63103

DATED this 1st day of September, 2023.

*/s/ J. Thomas Ray*
UNITED STATES MAGISTRATE JUDGE